UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                              CASE NO.

**THE GLASS MEN OF ST. TAMMANY, LLC**                                **15-11285**
                                                                                                SECTION A
DEBTOR                                                                                    CHAPTER 7

### REASONS FOR DECISION

**I. FACTS**

On May 21, 2015, The Glass Men of St. Tammany, LLC ("Debtor") filed a petition for relief under Chapter 7 of Title 11, United States Code.[1] With the petition came Debtor's Schedules listing the Internal Revenue Service as a priority unsecured creditor and three (3) nonpriority unsecured creditors, Clear Edge Wholesalers, Coral Industries and On Deck Capital, Inc.[2] Barbara Rivera-Fulton was appointed the Chapter 7 trustee ("Trustee").

On June 26, 2015, the Chapter 7 meeting of creditors was conducted.[3] At the meeting, Amy Thomas, Debtor's managing member, testified that Debtor had paid the Thomas' residential mortgage and personal vehicle loans prepetition in lieu of paying her a salary.

Over a year later, on August 16, 2016, Trustee filed a Notice of Assets and Requests to file Proofs of Claim, setting November 17, 2016 as the bar date.[4] The Internal Revenue Service timely filed a proof of claim on September 2, 2016.[5]

---

[1] P-1.

[2] P-1 at pp. 12-13.

[3] P-10.

[4] P-14.

[5] Claim 1-1.

Prior to the expiration of the bar date, Trustee called each unsecured creditor and urged them to file a proof of claim. When none complied, she filed proofs of claim on behalf of all three (3) unsecured claimants, listing as the amount due the sums reflected in Debtor's Schedules. No additional documentation was provided.

On October 24, 2016, Trustee's counsel filed an adversary proceeding against Standard Mortgage Company ("Standard Mortgage"), seeking the return of the residential mortgage payments made by Debtor on behalf of the Thomases during the two (2) years preceding the bankruptcy.[6] A second adversary proceeding was also filed against Jefferson Financial Credit Union ("JFCU"), seeking the return of the personal vehicle payments made by Debtor on behalf of the Thomases during the same time period.[7]

On May 10 and May 24, 2017, the Trustee filed motions to approve compromises with Standard Mortgage and JFCU, respectively.[8] Pursuant to the compromises, Standard Mortgage agreed to pay the estate $19,292.88 and JFCU $25,000.00. The Court approved the compromises.[9]

On May 29, 2017, Debtor filed an Objection to the three (3) unsecured creditor claims.[10] The Debtor argued, in part, that the claims should be disallowed because they were filed without any supporting documentation, making it "impossible to discern if any of [the] claims are, in fact, valid

---

[6] Adversary Proceeding No. 16-1044.

[7] Adversary Proceeding No. 16-1045.

[8] P-30 and P-32.

[9] P-39 and P-42.

[10] P-34

claims[.]"[11]

Following the filing of Debtor's Objection, Trustee's counsel attempted to contact the three (3) unsecured creditors.[12] Counsel reached Clear Edge Wholesalers, who filed a tardy proof of claim on June 23, 2017 in the amount of $18,748.38.[13]

## II. LAW AND ANALYSIS

11 U.S.C. § 501(a), (c) provides, in pertinent part:

> (a) A creditor or an indenture trustee may file a proof of claim....
>
> (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

Similarly, Federal Rule of Bankruptcy Procedure 3004 provides, in pertinent part:

> If a creditor does not timely file a proof of claim...the debtor or trustee may file a proof of claim within 30 days after the expiration of the time of filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.

The primary purpose behind 11 U.S.C. § 501(c) and FRBP 3004 is to protect the debtor in those instances where the creditor's claim is nondischargeable.[14] The claims involved in this case are dischargeable. As a result, Debtor alleges that Trustee's filing of the claims "served only the interest of Ms. Rivera-Fulton and her counsel by way of churning trustee and legal fees...."[15] As the *McLaughlin* Court explained: "[T]here must be some reason, other than to increase the trustee's fees,

---

[11] P-34, ¶ 9.

[12] P-44, ¶ 11.

[13] Claim 5-1.

[14] *In re McLaughlin*, 2007 WL 2571943, *3 (Bankr. N.D. Ohio 2007); *In re Nettles*, 251 B.R. 899, 902 (Bankr. M.D. Fla. 2000).

[15] P-45, p. 2.

for the trustee to engage in wholesale filing of claims from the schedules. Trustee does not have unlimited discretion to file claims on the creditors' behalf in each and every chapter 7 case."[16]

In contrast, other courts have determined that looking to 11 U.S.C. § 501(c) and FRBP 3004's purpose is unnecessary as their texts are clear.

> [§ 501(c)] clearly permits the Trustee to file a proof of claim on behalf of a creditor that failed to file one, and Rule 3004 sets the time limit. If the Trustee complies with that time limit, then there is nothing in either the Rules nor the Bankruptcy Code to support disallowance of the claim. The statute is clear and unambiguous and, as such, any inquiry into its meaning and intent must begin and end with its language. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).[17]

Similarly, in *Yoon v. Vancleef*, 498 B.R. 864 (N.D. Ind. 2013), the Court refused to go beyond the "the text itself," reasoning:

> The code states that if a creditor does not timely file a proof of claim, "the trustee may file a proof of such claim." 11 U.S.C. § 501(c).... The provisions at issue contain no qualifications as to why or to what end the trustee may file such claims. These provisions are clear and unambiguous, and expressly permit the trustee [to] file these claims.[18]

The Objections filed by Debtor challenge not only Trustee's motivation for filing unsecured claims but also the validity of the claims themselves. Addressing Trustee's motivation to file proofs of claim is not a proper inquiry when challenging the validity of the claims themselves. Section 501(c) clearly allows a trustee or debtor to file a proof of claim on behalf of any claimant. There are no modifying circumstances contained in the statute, nor are there any conditions to its

---

[16] *McLaughlin*, 2007 WL 2571943 at *3 (citation omitted); *see also Nettles*, 251 B.R. at 902 (trustee's claims disallowed because they were filed to maximize trustee's fee, not to protect the debtor).

[17] *In re Schmidt*, 333 B.R. 868, 870 (Bankr. N.D. Fla. 2005).

[18] *Vancleef*, 498 B.R. at 867 (citation omitted).

application.[19] The Court agrees with the reasoning contained in *Ron Pair* and *Vancleef*. The statute is clear and unambiguous. An examination of Trustee's motivation is not necessary or appropriate.

The Court turns next to the substantive challenges set forth in the Objections. Debtor alleges that the claims do not comply with FRBP 3001. Specifically, the claims only provide for an amount with no attached invoices, contracts or other documentation to support the claim. FRBP 3001 provides in pertinent part:

> (c)(1) Claim based on a Writing. ...[W]hen a claim, ...is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.
>
> (f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Trustee filed these claims asserting only the amounts reflected on Debtor's Schedules. Pursuant to FRBP 3001, the claims are not afforded *prima facie* validity because they lack any supporting documentation. However, this does not invalidate the claims.[20] Instead, it allows the Court to consider the claims as evidence of the debts while weighing any contrary evidence offered against them.

---

[19] Nevertheless, this Court is troubled by Trustee's alleged motivation for filing these claims and her practices in general regarding same. For this reason, the Court requested and the United States Trustee filed, an *amicus curie* pleading on the position of the Office of the United States Trustee regarding this practice. Their response acknowledged no official position, except to counsel caution in its exercise. The United States Trustee also suggested consideration of Trustee or counsel's actions be in connection with any Fee Application or Account filed with the Court.

[20] *In re Cluff*, 313 B.R. 323, 337 (Bankr. D. Utah 2004) (failure to attach supporting documentation does not invalidate a claim but it does deprive the claim of *prima facie* validity); *In re Los Angeles Int'l Airport Hotel Assocs.*, 196 B.R. 134, 139 (9th Cir. BAP 1996) (same); *In re Kemmer*, 315 B.R. 706, 713 (Bankr. E.D. Tenn. 2004) (same); *In re Armstrong*, 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005) (same).

Pursuant to FRBP 1008 and 28 U.S.C. §1746, a Debtor must verify under penalty of perjury that its Schedules of Assets and Liabilities are "true and correct." Debtor did not indicate on its Schedules that the claims in question were contingent or disputed. Further, Debtor failed to introduce any evidence or make any argument regarding the amounts due. Because the amounts claimed by Trustee on behalf of these creditors match the amounts Debtor provided, the Court has no reason to find that the amounts owed are less than those set forth in the proofs of claim. As a result, the Objections to the Proofs of Claim are DENIED. The Court will enter an Order is accord with these Reasons.

New Orleans, Louisiana, September 6, 2017.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge